WILSON ALLEN, plaintiff in error, *vs.* JOHN P. THORNTON, administrator, *et al.,* defendants in error.

1. Where a bill was filed to enjoin the sale of certain land under an execution for the purchase money therefor, upon the ground that no deed conveying the same to the complainant had been filed and recorded in the clerk's office prior to the levy, and the bill was sanctioned, with the privilege to the defendant to file such deed and proceed in the collection of his debt, and an amended bill was presented stating that the

defendant had again levied and was proceeding to sell, setting up other grounds for injunction, it will be presumed that the deed has been filed and recorded under the privilege allowed in the first order.

2. The mere allegation that the title to the land has failed, in the absence of any charge of insolvency on the part of the defendant, is no ground to enjoin the sale under the execution for the purchase money. The complainant should have set up such defense to the suit on the notes, or look to the covenant in the bond for titles.

Injunction. Pleadings. Vendor and purchaser. Judgment. Before Judge BUCHANAN. Troup county. At Chambers. April 1st, 1874.

For the facts, see the decision.

B. H. BIGHAM, for plaintiff in error.

SPEER & SPEER, for defendant.

WARNER, Chief Justice.

This was an amended bill praying for an injunction, which was refused by the presiding judge, and the complainant excepted. It appears from the record that the defendant's intestate sold to the complainant two tracts of land adjoining, the one containing two hundred and two and a half acres, the other containing four and eight-tenths acres, the complainant giving his notes for the purchase money, and defendant's intestate executing to him two bonds to make title, one for each tract. The defendant, as administrator, obtained judgment on the notes given for the purchase money, and filed a deed to the larger tract of land in the clerk's office conveying it to the complainant, and had the land levied on. The complainant filed a bill and obtained an injunction restraining the sale of the land, on the ground that the deed was not filed and recorded in the clerk's office before the levy was made. The order granting the injunction provided that the plaintiff in execution should not be restricted in his right to file a deed or deeds to the lands, and proceed to the collection of his debt. The complainant then amended his bill,

and alleged that the defendant had proceeded to have his levy on the land renewed, and the same advertised for sale on the first Tuesday in April, 1874, but does not allege whether the defendant had filed a deed or deeds to the land as he was authorized to do by the terms of the first injunction, and prayed for a second injunction to restrain the sale of the land under the second levy, alleging amongst other things that the plaintiff's intestate did not have a good title to all of the land specified in the bonds therefor made to the complainant; that the paramount title to a part of the land was in a third person. In our judgment, according to the allegations contained in the amended bill, the injunction prayed for was properly refused. If the title to the land has failed, the complainant should have set up that defense when he was sued on the notes for the purchase money, or look to the covenant in his bond for title. There is no allegation that the estate of Thornton is insolvent. If the defendant had not filed a deed to the land in the clerk's office according to law, before he renewed his levy, the complainant should have so alleged in his amended bill, and if the defendant was acting in violation of the first injunction, the court might have attached him for contempt. Construing the allegations in the complainant's amended bill most strongly against him, the presumption is that the defendant had filed a deed in the clerk's office according to law, as he was authorized to do by the first injunction, and was proceeding to the collection of his debt. The complainant does not allege that the defendant had violated the first injunction, which he necessarily must have done if he renewed his levy on the land, and was proceeding to have it sold without having filed his deed in the clerk's office according to law.

Let the judgment of the court below be affirmed.